## DORR–OLIVER INCORPORATED, Plaintiff,

v.

## FLUID–QUIP, INC. and Andrew Franko, Defendants.

### No. 93 C 842.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 18, 1995.

William Terry Rifkin, Mary Spaulding Burns, Rockey, Rifkin and Ryther, Chicago, IL, John P. Luther, Andrew L. Tiajoloff, Alfred H. Hemingway, Jr., Edward P. Kelly, John E. Lynch, Felfe & Lynch, New York, NY, for Dorr–Oliver Inc., plaintiff.

Thomas W. Flynn, Thomas & Buckley, Chicago, IL, Bruce E. Peacock, Thomas W. Flynn, Matthew R. Jenkins, Biebel & French, Dayton, OH, for Fluid–Quip, Inc., defendant.

William Terry Rifkin, Mary Spaulding Burns, Rockey, Rifkin and Ryther, Chicago, IL, John P. Luther, Andrew L. Tiajoloff, Alfred H. Hemingway, Jr., Felfe & Lynch, New York City, for Dorr–Oliver, Inc., counter-defendant.

Thomas W. Flynn, Thomas & Buckley, Chicago, IL, Bruce E. Peacock, Thomas W.

Flynn, Matthew R. Jenkins, Biebel & French, Dayton, OH, Patricia Susan Smart, John Bostjancich, Smart & Bostjancich, Chicago, IL, for Fluid–Quip, Inc., counter-claimant.

Bruce E. Peacock, Thomas W. Flynn, Matthew R. Jenkins, Biebel & French, Dayton, OH, Patricia Susan Smart, John Bostjancich, Smart & Bostjancich, Chicago, IL, for Andrew Franko, Pic Tek, Inc., counter-claimants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

On April 15, 1995, the court issued a memorandum opinion and order finding against plaintiff Dorr–Oliver Incorporated ("Dorr–Oliver") on the issue of whether Dorr–Oliver had a trademark right in the name "clamshell" for its Dorr–Clone starch washing machine, but finding in Dorr–Oliver's favor on the issue of trade dress for that machine. The court concluded that Dorr–Oliver was entitled to relief of an equitable award of defendants' profits as a measure of unjust enrichment, prejudgment interest, and an injunction prohibiting defendants from further infringement on Dorr–Oliver's trade dress. The court also asked the parties to submit simultaneous briefs on the issue of relief.

In those briefs, both sides, in addition to addressing the issues identified by the court, asked for more than the court indicated it would award in this case. Dorr–Oliver asked for a mandatory injunction to compel defendants to "replace and/or modify all Fluid–Quip starch washers currently in use which embody the protected trade dress." This would be impossible, of course, since Fluid–Quip does not own these machines any more. Defendants asked the court to award plaintiff no monetary relief—contrary to the court's ruling. The purpose of the briefing on relief was not to entertain the parties' wish list of remedies, but to address the scope of relief consistent with the court's August 15 opinion.

On the subject of money, Dorr–Oliver argues that Fluid–Quip's profits should not be reduced by extraordinary compensation paid to Fluid–Quip's shareholders, which Dorr–Oliver correctly points out in this case were in fact distributions of profits. Dorr–Oliver also correctly argues that Fluid–Quip should not be allowed to deduct its corporate income taxes (which would effectively result in Dorr–Oliver's paying a double tax on its award) or the attorneys' fees spent in unsuccessfully defending this litigation. According to Dorr–Olive, the disallowance of these deductions results in an award of $283,479 of Fluid—Quip's profits and $53,597 in prejudgment interest.

Because the award in this action is equitable in nature and need not be an exact calculation of profits, the court has decided to award Dorr–Oliver the sum of $250,000 of Fluid–Quip's profits, plus $50,000 in prejudgment interest through the date of this order. This reflects the disallowances of approximately $62,000 in extraordinary salary paid to Fluid–Quip's shareholders, which the court finds to have been distributions of profits, approximately $73,000 in income taxes attributable to the profits on the infringing products, and a portion of the attorney's fees spent by defendants to litigate this action (keeping in mind that defendants successfully defended the trademark and Illinois Counterfeit Products Act counts).

With respect to costs, the court notes that plaintiff filed a bill of costs on October 11, 1995, and that defendants still have time to object to any of the items specified in the bill. If any such objection is filed, the court requests defendants to set the matter for a hearing.

Finally, as previously held in this court's August 15, 1995, opinion, Dorr–Oliver is entitled to injunctive relief. Defendants are permanently enjoined from manufacturing, advertising, distributing or selling clamshell starch washers and from any further infringement of Dorr–Oliver's trade dress in the design of the outer housing of its clamshell starch washers.